**THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE:  Malcolm Deanes** ) | |
| **Sujuan Deanes** ) | **Case No:  20 B 22057** |
| ) | **Judge:    Barnes** |
| ) | **Chapter  13** |
| **Debtors** ) | |

## NOTICE OF MOTION

**Served upon the following parties electronically:**
**Office of United States Trustee**, Dirksen Federal Building, 219 S. Dearborn St., Room 873, Chicago, IL 60604
**Trustee:** Marilyn O. Marshall, 224 S Michigan Ave, Suite 800, Chicago, IL 60604
**and served upon the following parties via U.S. Mail:**
**Debtors:** Malcolm Deanes and Sujuan Deanes, 5418 W. Gladys Ave, Chicago, IL 60644
See attached service list on the Creditor Meeting Notice and Certificate of Notice.

PLEASE TAKE NOTICE that on February 18, 2021 at 2:30PM. I will appear before the Honorable Judge Barnes or any judge sitting in that judge's place, and present the Attorney's Application for Compensation for Representing Chapter 13 Debtor, a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video,** use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone,** call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode.** The meeting ID for this hearing is 161 329 5276 and the password is 433658. The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance with a hearing.

By: /s/ Angelica Harb
Angelica Harb

Hinds Law,  LLC
211 W. Wacker Dr, Suite 321
Chicago, IL 60606
800-695-7674
aharb@firstamericalaw.com

## CERTIFICATE OF SERVICE

    I, Angelica Harb, an attorney, certify that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method indicated on the list on January 28, 2021, before 6:00PM.

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0752-1<br>Case 20-22057<br>Northern District of Illinois<br>Eastern Division<br>Thu Jan 28 15:23:59 CST 2021 | U.S. Bankruptcy Court<br>Eastern Division<br>219 S Dearborn<br>7th Floor<br>Chicago, IL 60604-1702 | AT&T<br>c/o Bankruptcy<br>4331 Communications Dr.,<br>Dallas, TX 75211-1300 |
| AT&T Mobility II, LLC<br>One AT&T Way, Suite 3A104<br>Bedminster, NJ 07921-2693 | Ad Astra Recovery<br>7330 West 33rd Street North<br>Suite 118<br>Wichita, KS 67205-9370 | Arnold Scott Harris<br>111 W Jackson Blvd, Suite 600<br>Chicago, IL 60604-3517 |
| Avail Blue<br>P.O. Box 12<br>Lac Du Flambeau, WI 54538-0012 | Bank Of America<br>33 N Dearborn St<br>Chicago, IL 60602-3102 | Bank Of America<br>4909 Savarese Circle<br>Fl1-908-01-50<br>Tampa, FL 33634-2413 |
| (p)BANK OF AMERICA<br>PO BOX 982238<br>EL PASO TX 79998-2238 | Bank of America, N.A.<br>P O Box 982284<br>El Paso, TX 79998-2284 | CMRE Financial Services<br>Attn: Bankruptcy<br>3075 E Imperial Hwy  Ste 200<br>Brea, CA 92821-6753 |
| Cach<br>PO BOX 10587<br>Greenville, SC 29603-0587 | Caine & Weiner<br>Attn: Bankruptcy<br>5805 Sepulveda Blvd<br>Sherman Oaks, CA 91411-2546 | Capital One<br>Attn: Bankruptcy<br>Po Box 30285<br>Salt Lake City, UT 84130-0285 |
| Cash Aisle<br>PO BOX 572<br>Lac Du Flambeau, WI 54538-0572 | (p)CHECK ADVANCE USA<br>PO BOX 170<br>PROVO UT 84603-0170 | City of Chicago Department of Finance<br>Chicago Dept. of Law Bankruptcy<br>121 N. LaSalle St., Suite 400<br>Chicago, IL 60602-1264 |
| City of Chicago Parking<br>121 N. Lasalle<br>Chicago, IL 60602-1242 | Comenity Bank/Carsons<br>Attn: Bankruptcy<br>Po Box 182125<br>Columbus, OH 43218-2125 | Convergent Outsourcing, Inc.<br>Attn: Bankruptcy<br>Po Box 9004<br>Renton, WA 98057-9004 |
| Cook County Dept of Revenue<br>P.O. Box 641547<br>Chicago, IL 60664-1547 | Diversified Consultants, Inc.<br>Attn: Bankruptcy<br>Po Box 551268<br>Jacksonville, FL 32255-1268 | Diversified Consultants, Inc.<br>Attn: Bankruptcy<br>Po Box 679543<br>Dallas, TX 75267-9543 |
| First Premier Bank<br>Attn: Bankruptcy<br>Po Box 5524<br>Sioux Falls, SD 57117-5524 | Golden Gate Funding<br>2770 Mission Rancheria Rd. #167<br>Lakeport, CA 95453-9612 | Green Trust Loan<br>P.O. Box 340<br>Hays, MT 59527-0340 |
| I C System Inc<br>Attn: Bankruptcy<br>Po Box 64378<br>St Paul, MN 55164-0378 | Integrity Investment Fund<br>5075 SW Griffith Dr #100<br>Beaverton, OR 97005-2927 | (p)JEFFERSON CAPITAL SYSTEMS LLC<br>PO BOX 7999<br>SAINT CLOUD MN 56302-7999 |

| | | |
|---|---|---|
| LVNV Funding, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | Linebarger Coggan Blair<br>P.O. Box 06152<br>Chicago, IL 60606-0152 | Loan at Last<br>P.O. Box 1193<br>Lac Du Flambeau, WI 54538-1193 |
| Loyola University Medical Center<br>2160 S First Ave<br>Maywood, IL 60153-3328 | Manor Resources LLC<br>33 N Lasalle St Suite 1300<br>Chicago, IL 60602-2603 | Mercy Hospital<br>2525 Michigan Ave<br>Chicago, IL 60616-2332 |
| Midland Funding<br>2365 Northside Dr Ste 300<br>San Diego, CA 92108-2709 | Midland Funding LLC<br>P.O. Box 2011<br>Warren MI 48090-2011 | My Flex Cash<br>125 Mission Ranch Blvd<br>Chico, CA 95926-2175 |
| Nationwide Loans Llc<br>10255 W Higgins Rd<br>Rosemont, IL 60018-5606 | OneMain Financial<br>Attn: Bankruptcy<br>Po Box 3251<br>Evansville, IN 47731-3251 | Opportunity Financial, LLC<br>130 East Randolph Street<br>Suite 3400<br>Chicago, IL 60601-6379 |
| PRA Receivables Management<br>P.O. Box 12914<br>Norfolk, VA 23541-0914 | Portfolio Recovery<br>Po Box 41021<br>Norfolk, VA 23541-1021 | Premier Bankcard, Llc<br>Jefferson Capital Systems LLC Assignee<br>Po Box 7999<br>Saint Cloud Mn 56302-7999 |
| Radiant Cash<br>P.O. Box 1183<br>Lac Du Flambeau, WI 54538-1183 | Red Hawk Financial<br>125 Mission Ranch Blvd<br>Chico, CA 95926-2175 | Resurgent Capital Services<br>Po Box 10587<br>Greenville, SC 29603-0587 |
| (p)RUSH OAK PARK HOSPITAL<br>1700 W VANBUREN AVE<br>RM 150 PAYROLL<br>CHICAGO IL 60612-5500 | Santander Consumer USA<br>Attn: Bankruptcy<br>Po Box 961245<br>Fort Worth, TX 76161-0244 | Speedy Cash<br>4800 W Addison S<br>Chicago, IL 60641-3562 |
| Speedy Rapid Cash<br>PO BOX 780408<br>Wichita, KS 67278-0408 | Tan Oak Lending<br>621 Medicine Way<br>Ukiah, CA 95482-8136 | Turbo Title Loan<br>2675 E Flamingo Rd<br>Las Vegas, NV 89121-5239 |
| VBS Loans<br>3701 Bonney Road<br>Virginia Beach, VA 23452-3405 | Weltman Weinberg & Reis<br>180 N. LaSalle Drive<br>Chicago, IL 60601-2704 | West Suburban Hospital<br>3 Erie St<br>Oak Park, IL 60302-2599 |
| Westgate Resorts<br>5601 Windhover Dr<br>Orlando, FL 32819-7936 | Westgate Town Center Owners Associa<br>2801 Old Winter Garden Rd<br>Ocoee, FL 34761-2965 | Westlake Emergency Room<br>1225 W. Lake St<br>Melrose Park, IL 60160-4039 |

Westlake Hospital
1225 W. Lake St
Melrose Park, IL 60160-4039

Angelica Harb
Hinds Law LLC
211 W Wacker Dr Suite 321
Chicago, IL 60606-1217

Malcolm Deanes
5418 W. Gladys Ave
Chicago, IL 60644-4711

Marilyn O Marshall
224 South Michigan Ste 800
Chicago, IL 60604-2503

Patrick S Layng
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604-2027

Sujuan Deanes
5418 W. Gladys Ave
Chicago, IL 60644-4711

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Bank of America
Attn: Bankruptcy
Po Box 982234
El Paso, TX 79998

Check Advance
P.O. Box 181
Batesland, SD 57716

Jefferson Capital Systems
PO Box 7999
Saint Cloud, MN 56302

Rush Oak Park Hospital
520 S Maple Ave
Oak Park, IL 60304

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Speedy/Rapid Cash
PO Box 780408
Wichita, KS 67278-0408

End of Label Matrix
Mailable recipients    65
Bypassed recipients     1
Total                  66

| Information to identify the case: | | | |
|---|---|---|---|
| Debtor 1 | **Malcolm Deanes** | Social Security number or ITIN | xxx–xx–6565 |
| | First Name  Middle Name  Last Name | EIN | _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | **Sujuan Deanes** | Social Security number or ITIN | xxx–xx–4350 |
| | First Name  Middle Name  Last Name | EIN | _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Northern District of Illinois** | Date case filed for chapter 13 | 12/28/20 |
| Case number: | 20–22057 | | |

Official Form 309I

# Notice of Chapter 13 Bankruptcy Case

10/20

**For the debtors listed above, a case has been filed under chapter 13 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

Confirmation of a chapter 13 plan may result in a discharge. Creditors who assert that the debtors are not entitled to a discharge under 11 U.S.C. § 1328(f) must file a motion objecting to discharge in the bankruptcy clerk's office within the deadline specified in this notice. Creditors who want to have their debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office by the same deadline. (See line 13 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at https://pacer.uscourts.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | **Debtor's full name** | Malcolm Deanes | Sujuan Deanes |
| 2. | **All other names used in the last 8 years** | | |
| 3. | **Address** | 5418 W. Gladys Ave<br>Chicago, IL 60644 | 5418 W. Gladys Ave<br>Chicago, IL 60644 |
| 4. | **Debtor's attorney**<br>Name and address | Angelica Harb<br>Hinds Law LLC<br>211 W Wacker Dr Suite 321<br>Chicago, IL 60606 | Contact phone 800–695–7674<br>Email: aharb@firstamericalaw.com |
| 5. | **Bankruptcy trustee**<br>Name and address | Marilyn O Marshall<br>224 South Michigan Ste 800<br>Chicago, IL 60604 | Contact phone 312–431–1300 |
| 6. | **Bankruptcy clerk's office**<br>Documents in this case may be filed at this address.<br>You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov. | Eastern Division<br>219 S Dearborn<br>7th Floor<br>Chicago, IL 60604 | Hours open:<br>8:30 a.m. until 4:30 p.m. except Saturdays, Sundays and legal holidays.<br>Contact phone 1–866–222–8029<br>Date: 12/29/20 |

**For more information, see page 2**

Debtor **Malcolm Deanes** and **Sujuan Deanes**     Case number **20–22057**

| | | |
|---|---|---|
| **7. Meeting of creditors**<br>Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | **January 25, 2021 at 12:00 PM**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket.<br><br>**Debtors must bring a picture ID and proof of their Social Security Number**. | **Location:**<br>**Appear by Telephone. For instructions,, visit www.chi13.com** |
| **8. Deadlines**<br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **Deadline to file a complaint to challenge dischargeability of certain debts:**<br><br>**You must file:**<br>• a motion if you assert that the debtors are not entitled to receive a discharge under U.S.C. § 1328(f) or<br>• a complaint if you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4). | **Filing deadline: 3/26/21** |
| | **Deadline for all creditors to file a proof of claim (except governmental units):** | **Filing deadline: 3/8/21** |
| | **Deadline for governmental units to file a proof of claim:** | **Filing deadline: 6/28/21** |
| | **Deadlines for filing proof of claim:**<br>  A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.<br>If you do not file a proof of claim by the deadline, you might not be paid on your claim. To be paid, you must file a proof of claim even if your claim is listed in the schedules that the debtor filed.<br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | |
| | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:**    30 days after the *conclusion* of the meeting of creditors |
| **9. Filing of plan** | The debtor has filed a plan. The plan is enclosed. The hearing on confirmation will be held on:<br>**2/18/21** at **02:30 PM** , Location: **Appear using Zoom for Government. To appear by video, use this link: https://www.zoomgov.com/ or to appear by telephone, call Zoom for Government at 1–669–254–5252 or 1–646–828–7666. Then enter the meeting ID 161 329 5276 and passcode 433658.**<br><br>**The Disclosure of Compensation has been filed. The attorney for the debtor is requesting fees of $ 4500.00**<br>Objections to confirmation of the Plan shall be filed at least 7 days prior to the confirmation hearing. If there are no objections, the Court may confirm the plan and allow fees requested by debtor's counsel to be paid through the plan. | |
| **10. Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadline in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| **11. Filing a chapter 13 bankruptcy case** | Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts according to a plan. A plan is not effective unless the court confirms it. You may object to confirmation of the plan and appear at the confirmation hearing. A copy the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the property and may continue to operate the business, if any, unless the court orders otherwise. | |
| **12. Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors, even if the case is converted to chapter 7. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at https://pacer.uscourts.gov. If you believe that the law does not authorize an exemption that debtors claimed, you may file an objection by the deadline. | |
| **13. Discharge of debts** | Confirmation of a chapter 13 plan may result in a discharge of debts, which may include all or part of a debt. However, unless the court orders otherwise, the debts will not be discharged until all payments under the plan are made. A discharge means that creditors may never try to collect the debt from the debtors personally except as provided in the plan. If you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4), you must file a complaint and pay the filing fee in the bankruptcy clerk's office by the deadline. If you believe that the debtors are not entitled to a discharge of any of their debts under 11 U.S.C. § 1328(f), you must file a motion by the deadline. | |

United States Bankruptcy Court

Northern District of Illinois

In re:                                                                                                                      Case No. 20-22057-TAB

Malcolm Deanes                                                                                              Chapter 13

Sujuan Deanes

         Debtor(s)

# CERTIFICATE OF NOTICE

District/off: 0752-1                                   User: mgarcia1                                   Page 1 of 3

Date Rcvd: Dec 29, 2020                        Form ID: 309I                                  Total Noticed: 58

The following symbols are used throughout this certificate:
**Symbol        Definition**

\+                   Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

++                Addresses marked '++' were redirected to the recipient's preferred mailing address pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.P.2002(g)(4).

\#                   Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 31, 2020:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db/jdb | + | Malcolm Deanes, Sujuan Deanes, 5418 W. Gladys Ave, Chicago, IL 60644-4711 |
| 29171366 | + | Ad Astra Recovery, 7330 West 33rd Street North, Suite 118, Wichita, KS 67205-9370 |
| 29171370 | + | Avail Blue, P.O. Box 12, Lac Du Flambeau, WI 54538-0012 |
| 29171372 | + | Bank Of America, 33 N Dearborn St, Chicago, IL 60602-5200 |
| 29171381 | + | CMRE Financial Services, Attn: Bankruptcy, 3075 E Imperial Hwy Ste 200, Brea, CA 92821-6753 |
| 29171375 | + | Caine & Weiner, Attn: Bankruptcy, 5805 Sepulveda Blvd, Sherman Oaks, CA 91411-2546 |
| 29171378 | + | Cash Aisle, PO BOX 572, Lac Du Flambeau, WI 54538-0572 |
| 29171380 | + | City of Chicago Parking, 121 N. Lasalle, Chicago, IL 60602-1242 |
| 29171387 | + | Cook County Dept of Revenue, P.O. Box 641547, Chicago, IL 60664-1547 |
| 29171389 | + | Diversified Consultants, Inc., Attn: Bankruptcy, Po Box 679543, Dallas, TX 75267-9543 |
| 29171392 | + | Golden Gate Funding, 2770 Mission Rancheria Rd. #167, Lakeport, CA 95453-9612 |
| 29171393 | + | Green Trust Loan, P.O. Box 340, Hays, MT 59527-0340 |
| 29171395 | + | Integrity Investment Fund, 5075 SW Griffith Dr #100, Beaverton, OR 97005-2927 |
| 29171397 | + | Linebarger Goggan Blair, P.O. Box 06152, Chicago, IL 60606-0152 |
| 29171399 | + | Loyola University Medical Center, 2160 S First Ave, Maywood, IL 60153-3328 |
| 29171400 | + | Manor Resources LLC, 33 N Lasalle St Suite 1300, Chicago, IL 60602-2603 |
| 29171401 | + | Mercy Hospital, 2525 Michigan Ave, Chicago, IL 60616-2332 |
| 29171403 | + | My Flex Cash, 125 Mission Ranch Blvd, Chico, CA 95926-2175 |
| 29171404 | + | Nationwide Loans Llc, 10255 W Higgins Rd, Rosemont, IL 60018-5606 |
| 29171412 | ++ | RUSH OAK PARK HOSPITAL, 1700 W VANBUREN AVE, RM 150 PAYROLL, CHICAGO IL 60612-5500 address filed with court:, Rush Oak Park Hospital, 520 S Maple Ave, Oak Park, IL 60304 |
| 29171410 | + | Red Hawk Financial, 125 Mission Ranch Blvd, Chico, CA 95926-2175 |
| 29171416 | + | Tan Oak Lending, 621 Medicine Way, Ukiah, CA 95482-8136 |
| 29171417 | + | Turbo Title Loan, 2675 E Flamingo Rd, Las Vegas, NV 89121-5239 |
| 29171418 | + | VBS Loans, 3701 Bonney Road, Virginia Beach, VA 23452-3405 |
| 29171420 | + | West Suburban Hospital, 3 Erie St, Oak Park, IL 60302-2599 |
| 29171421 | + | Westgate Resorts, 5601 Windhover Dr, Orlando, FL 32819-7936 |
| 29171422 | + | Westgate Town Center Owners Associa, 2801 Old Winter Garden Rd, Ocoee, FL 34761-2965 |
| 29171423 | + | Westlake Emergency Room, 1225 W. Lake St, Melrose Park, IL 60160-4039 |
| 29171424 | #+ | Westlake Hospital, 1225 W. Lake St, Melrose Park, IL 60160-4039 |

TOTAL: 29

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| aty | | Email/Text: aharb@firstamericalaw.com | Dec 29 2020 23:19:00 | Angelica Harb, Hinds Law LLC, 211 W Wacker Dr Suite 321, Chicago, IL 60606 |
| tr | + | Email/Text: courtnotices@chi13.com | Dec 29 2020 23:21:00 | Marilyn O Marshall, 224 South Michigan Ste 800, Chicago, IL 60604-2503 |
| ust | + | Email/Text: USTPREGION11.ES.ECF@USDOJ.GOV | Dec 29 2020 23:21:00 | Patrick S Layng, Office of the U.S. Trustee, |

| | | | | |
|---|---|---|---|---|
| | | | | Region 11, 219 S Dearborn St, Room 873, Chicago, IL 60604-2027 |
| 29171368 | + | EDI: ATTWIREBK.COM | Dec 30 2020 07:13:00 | AT&T, c/o Bankruptcy, 4331 Communications Dr.,, Dallas, TX 75211-1300 |
| 29171369 | + | EDI: CINGMIDLAND.COM | Dec 30 2020 07:13:00 | AT&T Mobility II, LLC, One AT&T Way, Suite 3A104, Bedminster, NJ 07921-2693 |
| 29171367 | + | EDI: PHINHARRIS | Dec 30 2020 07:13:00 | Arnold Scott Harris, 111 W Jackson Blvd, Suite 600, Chicago, IL 60604-3517 |
| 29171373 | | EDI: BANKAMER.COM | Dec 30 2020 07:13:00 | Bank of America, Attn: Bankruptcy, Po Box 982234, El Paso, TX 79998 |
| 29171371 | + | EDI: BANKAMER.COM | Dec 30 2020 07:13:00 | Bank Of America, 4909 Savarese Circle, Fl1-908-01-50, Tampa, FL 33634-2413 |
| 29171379 | | Email/Text: bankruptcy@checkadvanceusa.net | Dec 29 2020 23:20:00 | Check Advance, P.O. Box 181, Batesland, SD 57716 |
| 29171374 | + | Email/PDF: resurgentbknotifications@resurgent.com | Dec 29 2020 23:31:15 | Cach, PO BOX 10587, Greenville, SC 29603-0587 |
| 29171376 | + | EDI: CAPITALONE.COM | Dec 30 2020 07:13:00 | Capital One, Attn: Bankruptcy, Po Box 30285, Salt Lake City, UT 84130-0285 |
| 29171384 | + | EDI: WFNNB.COM | Dec 30 2020 07:13:00 | Comenity Bank/Carsons, Attn: Bankruptcy, Po Box 182125, Columbus, OH 43218-2125 |
| 29171386 | + | EDI: CONVERGENT.COM | Dec 30 2020 07:13:00 | Convergent Outsourcing, Inc., Attn: Bankruptcy, Po Box 9004, Renton, WA 98057-9004 |
| 29171388 | + | EDI: DCI.COM | Dec 30 2020 07:14:00 | Diversified Consultants, Inc., Attn: Bankruptcy, Po Box 551268, Jacksonville, FL 32255-1268 |
| 29171390 | + | EDI: AMINFOFP.COM | Dec 30 2020 07:13:00 | First Premier Bank, Attn: Bankruptcy, Po Box 5524, Sioux Falls, SD 57117-5524 |
| 29171394 | + | EDI: IIC9.COM | Dec 30 2020 07:13:00 | I C System Inc, Attn: Bankruptcy, Po Box 64378, St Paul, MN 55164-0378 |
| 29171396 | | EDI: JEFFERSONCAP.COM | Dec 30 2020 07:13:00 | Jefferson Capital Systems, PO Box 7999, Saint Cloud, MN 56302 |
| 29171398 | + | Email/Text: bankruptcy@ldf-holdings.com | Dec 29 2020 23:22:00 | Loan at Last, P.O. Box 1193, Lac Du Flambeau, WI 54538-1193 |
| 29171402 | + | EDI: MID8.COM | Dec 30 2020 07:13:00 | Midland Funding, 2365 Northside Dr Ste 300, San Diego, CA 92108-2709 |
| 29171405 | + | EDI: AGFINANCE.COM | Dec 30 2020 07:13:00 | OneMain Financial, Attn: Bankruptcy, Po Box 3251, Evansville, IN 47731-3251 |
| 29171406 | + | Email/Text: opportunitynotices@gmail.com | Dec 29 2020 23:22:00 | Opportunity Financial, LLC, 130 East Randolph Street, Suite 3400, Chicago, IL 60601-6379 |
| 29171408 | + | EDI: PRA.COM | Dec 30 2020 07:13:00 | PRA Receivables Management, P.O. Box 12914, Norfolk, VA 23541-0914 |
| 29171407 | + | EDI: PRA.COM | Dec 30 2020 07:13:00 | Portfolio Recovery, Po Box 41021, Norfolk, VA 23541-1021 |
| 29171409 | + | Email/Text: bankruptcy@ldf-holdings.com | Dec 29 2020 23:22:00 | Radiant Cash, P.O. Box 1183, Lac Du Flambeau, WI 54538-1183 |
| 29171411 | + | Email/PDF: resurgentbknotifications@resurgent.com | Dec 29 2020 23:32:15 | Resurgent Capital Services, Po Box 10587, Greenville, SC 29603-0587 |
| 29171413 | + | EDI: DRIV.COM | Dec 30 2020 07:13:00 | Santander Consumer USA, Attn: Bankruptcy, Po Box 961245, Fort Worth, TX 76161-0244 |
| 29171414 | + | Email/Text: bankruptcy@speedyinc.com | Dec 29 2020 23:21:00 | Speedy Cash, 4800 W Addison S, Chicago, IL 60641-3562 |
| 29171415 | + | Email/Text: bankruptcy@speedyinc.com | Dec 29 2020 23:21:00 | Speedy Rapid Cash, PO BOX 780408, Wichita, |

| Recip ID | | | | |
|---|---|---|---|---|
| 29171419 | | + Email/Text: BKRMailOps@weltman.com | Dec 29 2020 23:21:00 | KS 67278-0408<br>Weltman Weinberg & Reis, 180 N. LaSalle Drive, Chicago, IL 60601-2704 |

TOTAL: 29

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| 29171382 | *+ | CMRE Financial Services, Attn: Bankruptcy, 3075 E Imperial Hwy Ste 200, Brea, CA 92821-6753 |
| 29171383 | *+ | CMRE Financial Services, Attn: Bankruptcy, 3075 E Imperial Hwy Ste 200, Brea, CA 92821-6753 |
| 29171377 | *+ | Capital One, Attn: Bankruptcy, Po Box 30285, Salt Lake City, UT 84130-0285 |
| 29171385 | *+ | Comenity Bank/Carsons, Attn: Bankruptcy, Po Box 182125, Columbus, OH 43218-2125 |
| 29171391 | *+ | First Premier Bank, Attn: Bankruptcy, Po Box 5524, Sioux Falls, SD 57117-5524 |

TOTAL: 0 Undeliverable, 5 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Dec 31, 2020      Signature:     /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 29, 2020 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Angelica Harb | on behalf of Debtor 1 Malcolm Deanes aharb@firstamericalaw.com courtnotices@firstamericalaw.com |
| Marilyn O Marshall | courtdocs@chi13.com |
| Patrick S Layng | USTPRegion11.ES.ECF@usdoj.gov |

TOTAL: 3

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| In Re:<br>Malcolm Deanes and Sujuan Deanes<br><br><br><br>Debtor(s) | Case Number: 20-22057<br><br>Chapter: 13<br><br>Honorable Timothy A. Barnes |

**ATTORNEY'S APPLICATION FOR CHAPTER 13 COMPENSATION UNDER
THE COURT-APPROVED RETENTION AGREEMENT**
(Use for cases filed on or after April 20, 2015)

The undersigned attorney seeks compensation pursuant to 11 U.S.C. § 330(a)(4)(B) and the **Court-Approved Retention Agreement** executed by the debtor(s) and the attorney, for representing the interests of the debtor(s) in this case.

**Use of Court-Approved Retention Agreement:**

The attorney and the debtor(s) have entered into the Court-Approved Retention Agreement.

**Attorney Certification:**

The attorney hereby certifies that:

1. All disclosures required by General Order No. 11-2 have been made.

2. The attorney and the debtor(s) have either:

    (i) not entered into any other agreements that provide for the attorney to receive:

    a. any kind of compensation, reimbursement, or other payment, or

    b. any form of, or security for, compensation, reimbursement, or other payment that varies from the Court-Approved Retention Agreement; or

    (ii) have specifically discussed and understand that:

    a. the Bankruptcy Code may require a debtor's attorney to provide the debtor with certain documents and agreements at the start of the representation;

    b. the terms of the Court-Approved Retention Agreement take the place of any conflicting provision in an earlier agreement;

    c. the Court-Approved Retention Agreement cannot be modified in any way by other agreements; and

    d. any provision of another agreement between the debtor and the attorney that conflicts with the Court-Approved Retention Agreement is void.

**Compensation sought for services in this case pursuant to the Court-Approved Retention Agreement:**

$ 4,500.00  flat fee for services through case closing

**Reimbursement sought for expenses in this case:**

$ 313.00  for filing fee paid by the attorney with the attorney's funds

$ 139.00  for other expenses incurred in connection with the case and paid by the attorney with the attorney's funds (itemization must be attached)

$ 452.00  Total reimbursement requested for expenses.

**Funds previously paid to the attorney by or on behalf of the debtor(s) in the year before filing this case and not reflected in or related to the Court-Approved Retention Agreement:**

☐ None

A total of $ 3,021.22

Date of Application: 01/28/2021

Attorney Signature: /s/ Angelica Harb

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Northern District of Illinois

In re: **Malcolm Deanes / Sujuan Deanes**, Debtor(s)

Case No.
Chapter **13**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   | | |
   |---|---|
   | For legal services, I have agreed to accept | $ 4,500.00 |
   | Prior to the filing of this statement I have received | $ 0.00 |
   | Balance Due | $ 4,500.00 |

2. The source of the compensation paid to me was:

   ■ Debtor   ☐ Other (specify):

3. The source of compensation to be paid to me is:

   ■ Debtor   ☐ Other (specify):

4. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service:

---

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**December 28, 2020**
*Date*

**/s/ Angie Harb**
**Angie Harb 6320748**
*Signature of Attorney*
**Hinds Law LLC**
**211 W. Wacker Drive**
**Ste. 321**
**Chicago, IL 60606**
**(800) 695-7674**
**courtnotices@firstamericalaw.com**
*Name of law firm*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

## RIGHTS AND RESPONSIBILITIES AGREEMENT BETWEEN CHAPTER 13 DEBTORS AND THEIR ATTORNEYS

**(Court-Approved Retention Agreement, Use for cases filed on or after September 19, 2016)**

Chapter 13 gives debtors important rights, such as the right to keep property that could otherwise be lost through repossession or foreclosure, but Chapter 13 also puts burdens on debtors, such as the burden of making complete and truthful disclosures of their financial situation. It is important for debtors who file a Chapter 13 bankruptcy case to understand their rights and responsibilities in bankruptcy. In this connection, the advice of an attorney is often crucial. Debtors are entitled to certain services from their attorneys, but debtors also have responsibilities to their attorneys. In order to assure that debtors and their attorneys understand their rights and responsibilities in the Chapter 13 process, the judges of the Bankruptcy Court for the Northern District of Illinois have approved this agreement, setting out the rights and responsibilities of both debtors in Chapter 13 and their attorneys, including how their attorneys will be paid for their services in the Chapter 13 case. By signing this agreement, debtors and their attorneys accept these responsibilities.

The Bankruptcy Code may require a debtor's attorney to provide the debtor with certain documents and agreements at the start of the representation. The terms of this court-approved agreement take the place of any conflicting provision in an earlier agreement. This agreement cannot be modified in any way by other agreements. Any provision of another agreement between the debtor and the attorney that conflicts with this agreement is void.

### A. BEFORE THE CASE IS FILED

THE DEBTOR AGREES TO:

1. Discuss with the attorney the debtor's objectives in filing the case.

2. Provide the attorney with full, accurate and timely information, financial and otherwise, including properly documented proof of income.

THE ATTORNEY AGREES TO:

1. Personally counsel the debtor regarding the advisability of filing either a Chapter 13 or a Chapter 7 case, discuss both procedures (as well as non-bankruptcy options) with the debtor, and answer the debtor's questions.

2. Personally explain to the debtor that the attorney is being engaged to represent the debtor on all matters arising in the case, as required by Local Bankruptcy Rule, and explain how and when the attorney's fees and the trustee's fees are determined and paid.

3. Personally review with the debtor and sign the completed petition, plan, statements, and schedules, as well as all amendments thereto, whether filed with the petition or later. (The schedules may be initially prepared with the help of clerical or paralegal staff of the attorney's office, but personal attention of the attorney is required for the review and signing.)

4. Timely prepare and file the debtor's petition, plan, statements, and schedules.

5. Explain to the debtor how, when, and where to make all necessary payments, including both payments that must be made directly to creditors and payments that must be made to the Chapter 13 trustee, with particular attention to housing and vehicle payments.

6. Advise the debtor of the need to maintain appropriate insurance.

### B. AFTER THE CASE IS FILED

THE DEBTOR AGREES TO:

1. Make the required payments to the trustee and to whatever creditors are being paid directly or, if required payments cannot be made, notify the attorney immediately.

2. Appear punctually at the meeting of creditors (also called the "341 meeting") with recent proof of income and a picture identification card. (If the identification card does not include the debtor's social security number, the debtor must also bring to the meeting a social security card.) The debtor must be present in time for check-in and, when the case is called, for the actual examination.

3. Notify the attorney of any change in the debtor's address or telephone number.

4. Inform the attorney of any wage garnishments or liens or levies on assets that occur or continue after the filing of the case.

5. Contact the attorney immediately if the debtor loses employment, has a significant change in income, or experiences any other significant change in financial situation (such as serious illness, marriage, divorce or separation, lottery winnings, or an inheritance).

6. Notify the attorney if the debtor is sued or wishes to file a lawsuit (including divorce).

7. Inform the attorney if any tax refunds to which the debtor is entitled are seized or not received when due from the IRS or Illinois Department of Revenue.

8. Contact the attorney before buying, refinancing, or selling real property and before entering into any loan agreement.

9. Supply the attorney with copies of all tax returns filed while the case is pending.

THE ATTORNEY AGREES TO:

1. Advise the debtor of the requirement to attend the meeting of creditors and notify the debtor of the date, time, and place of the meeting.

2. Inform the debtor that the debtor must be punctual and, in the case of a joint filing, that both spouses must appear at the same meeting.

3. Provide knowledgeable legal representation for the debtor at the meeting of creditors (in time for check-in and the actual examination) and, unless excused by the trustee, for the confirmation hearing.

4. If the attorney will be employing another attorney to attend the 341 meeting or any court hearing, personally explain to the debtor, in advance, the role and identity of the other attorney and provide the other attorney with the file in sufficient time to review it and properly represent the debtor.

5. Timely submit to the Chapter 13 trustee properly documented proof of income for the debtor, including business reports for self-employed debtors.

6. Timely respond to objections to plan confirmation and, where necessary, prepare, file, and serve an amended plan.

7. Timely prepare, file, and serve any necessary statements, amended statements, and schedules and any change of address, in accordance with information provided by the debtor.

8. Monitor all incoming case information (including, but not limited to, Order Confirming Plan, Notice of Intent to Pay Claims, and 6-month status reports) for accuracy and completeness. Contact the trustee promptly regarding any discrepancies.

9. Be available to respond to the debtor's questions throughout the term of the plan.

10. Prepare, file, and serve timely modifications to the plan after confirmation, when necessary, including modifications to suspend, lower, or increase plan payments.

11. Prepare, file, and serve necessary motions to buy or sell property and to incur debt.

12. Object to improper or invalid claims.

13. Timely respond to the Chapter 13 trustee's motions to dismiss the case, such as for payment default or unfeasibility, and to motions to increase the percentage payment to unsecured creditors.

14. Timely respond to motions for relief from stay.

15. Prepare, file, and serve all appropriate motions to avoid liens.

16. Prepare, file, and serve a notice of conversion to Chapter 7, pursuant to § 1307(a) of the Bankruptcy Code and Local Bankruptcy Rule 1017-1.

17. Provide any other legal services necessary for the administration of the case.

### C. TERMINATION OR CONVERSION OF THE CASE AFTER ENTRY OF AN ORDER APPROVING FEES AND EXPENSES

1. Approved fees and expenses paid under the provisions set out below are generally not refundable in the event that the case is dismissed prior to its completion, unless the dismissal is due to a failure by the attorney to comply with the duties set out in this agreement. If such a dismissal is due to a failure by the attorney, the court may order a refund of fees on motion by the debtor.

2. If the case is dismissed after approval of the fees and expenses but before payment of all allowed fees and expenses, the order entered by the Bankruptcy Court allowing the fees and expenses is not a judgment against the debtor for the unpaid fees and expenses based on contract law or otherwise.

3. If the case is converted to a case under Chapter 7 after approval of the fees and expenses under this agreement but before the payment of all fees and expenses, the attorney will be entitled to an administrative claim in the Chapter 7 case for any unpaid fees and expenses, pursuant to § 726(b) of the Bankruptcy Code, plus any conversion fee the attorney pays on behalf of the debtor.

### D. RETAINERS AND PREVIOUS PAYMENTS

1. The attorney may receive a retainer or other payment before filing the case but may not receive fees directly from the debtor after the filing of the case. Unless the following provision is checked and completed, any retainer received by the attorney will be treated as a security retainer, to be placed in the attorney's client trust account until approval of a fee application by the court.

    [✓] The attorney seeks to have the retainer received by the attorney treated as an advance payment retainer, which allows the attorney to take the retainer into income immediately. The attorney hereby provides the following further information and representations:

        (a) The special purpose for the advance payment retainer and why it is advantageous to the debtor is as follows:

        The Debtor(s) and Attorney have entered into an advance payment retainer for pre-filing and pre-confirmation work including, but not limited to, pre-filing bankruptcy advice, preparation of the petition and Chapter 13 plan, pre-filing bankruptcy planning, filing of the case, and any amendments necessary for confirmation. <u>Pre-filing work is performed periodically as payments are received.</u>

        (b) The retainer will not be held in a client trust account and will become property of the attorney upon payment and will be deposited into the attorney's general account;

 (c) The retainer is a flat fee for the services to be rendered during the Chapter 13 case and will be applied for such services without the need for the attorney to keep detailed hourly time records for the specific services performed for the debtor;

 (d) Any portion of the retainer that is not earned or required for expenses will be refunded to the client; and

 (e) The attorney is unwilling to represent the debtor without receiving an advanced payment retainer because of the nature of the Chapter 13 case, the fact that the great majority of services for such case are performed prior to its filing, and the risks associated with the representation of debtors in bankruptcy cases in general.

2. In any application for compensation, the attorney must disclose to the court any fees or other compensation paid by the debtor to the attorney for any reason within the one year before the case filing, including the date(s) any such fees were paid.

### E. *CONDUCT AND DISCHARGE*

1. *Improper conduct by the attorney.* If the debtor disputes the sufficiency or quality of the legal services provided or the amount of the fees charged by the attorney, the debtor may file an objection with the court and request a hearing.

2. *Improper conduct by the debtor.* If the attorney believes that the debtor is not complying with the debtor's responsibilities under this agreement or is otherwise engaging in improper conduct, the attorney may apply for a court order allowing the attorney to withdraw from the case.

3. *Discharge of the attorney.* The debtor may discharge the attorney at any time.

[Remaining page intentionally left blank.]

### F. ALLOWANCE AND PAYMENT OF ATTORNEYS' FEES AND EXPENSES

1. Any attorney retained to represent a debtor in a Chapter 13 case is responsible for representing the debtor on all matters arising in the case unless otherwise ordered by the court. For all of the services outlined above, the attorney will be paid a flat fee of $ 4500.00    .

2. In addition, the debtor will pay the filing fee in the case and other expenses of $ 452.00    .

3. Before signing this agreement, the attorney received $ 0

    toward the flat fee, leaving a balance due of $ 4500.00  ; and $ 449.00   for expenses,

    leaving a balance due of  $ 3.00    .

4. In extraordinary circumstances, such as extended evidentiary hearings or appeals, the attorney may apply to the court for additional compensation for these services. Any such application must be accompanied by an itemization of the services rendered, showing the date, the time expended, and the identity of the attorney performing the services. The debtor must be served with a copy of the application and notified of the right to appear in court to object.

Date: 12/23/2020

Signed: *Malcolm Deanes*
—DocuSigned by—
3AB30C481C1D4D1...

*Dujuan Deanes*
—DocuSigned by—
13BA5C2980A3409...
Debtor(s)

*Angie Harb*
—DocuSigned by—
F8B882C992C74E3...
Attorney for the Debtor(s)

Do not sign this agreement if the amounts are blank.

**ITEMIZATION OF COSTS & EXPENSES**

| | |
|---|---|
| Case Number: | 20-22057 |
| Debtor: | Malcolm Deanes and Sujuan Deanes |
| Filing Fee: | $313.00 |
| Credit Counseling: | $20.00 |
| Debtor Education: | $20.00 |
| Credit Report: | $74.00 |
| Tax Transcripts: | <u>$25.00</u> |
| Total: | $452.00 |